UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JULIO CESAR CARDENAS, § | |
| Movant, § | |
| § | Civil Action No. 1:16-cv-00306 |
| v. § | Criminal Action No. 1:12-cr-00512 |
| § | Criminal Action No. 1:13-cr-00171 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## ORDER

Before the Court is Julio Cesar Cardenas' (hereafter "Movant") "Objections to the Report and Recommendation of Magistrate Judge" (hereafter "Movant's R&R Objections") (Docket No. 61) and the "Report and Recommendation of the Magistrate Judge" (hereafter "R&R") (Docket No. 52). The R&R recommends dismissal of the Movant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Judgment and Sentence by a Person in Federal Custody" (Docket No. 1) (hereafter "§ 2255 Motion"). *See* Docket No. 52 at 29. Moreover, the R&R recommends dismissal of the Movant's "Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (hereafter "Motion for Leave to Amend") (Docket No. 39).

For the reasons stated below, Movant's R&R Objections (Docket No. 61) are **OVERRULED.**[1] In addition, the § 2255 Motion (Docket No. 1) is **DISMISSED with prejudice**; and the Motion for Leave to Amend (Docket No. 39) is **DENIED as moot**.

I. **RELEVANT BACKGROUND**

On May 31, 2013, a jury found Movant guilty of the following sixteen counts:[2]

---

[1] After Movant's R&R Objections were filed through counsel of record, Movant filed the following pleadings, in a *pro se* capacity: (1) "Motion for Leave to file Supporting Affidavit" (Docket No. 62); and (2) "Julio Cesar Cardenas' Motion for Leave to File Documentary, Audiotape and Videotape Evidence" (Docket No. 63) with attached "Proof of Evidence Audio & Videos of Attorneys" (Docket No. 64) (collectively hereafter, "Movant's *pro se* Motions"). Movant's *pro se* Motions are **DENIED**. *See infra*, at 4.

[2] The sixteen counts are divided into four categories by the Court solely to reference the counts receiving a similar sentence.

1

Category 1:
- One count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1);
- One count of conspiracy to possess with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1);
- Two counts of possession with intent to distribute a quantity exceeding 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2;

Category 2:
- Five counts of possession with intent to distribute a quantity exceeding 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2;

Category 3:
- Three counts of possession with intent to distribute a quantity exceeding 50 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2;
- One count of possession with intent to distribute a quantity less than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2;

Category 4:
- Two counts of possession with intent to distribute a quantity less than 50 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2; and
- One count of operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960 and 2.

*See United States v. Cardenas*, No. 12-cr-00512-1, Docket No. 334.[3] The jury also found Movant guilty of one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Cardenas*, No. 13-cr-00171-1, Docket No. 31. On December 11, 2013, the Court sentenced Movant to life imprisonment for each count in category 1; 40 years for each count in category 2; 20 years for each count in category 3; and 60 months for each count in category 4—all counts to run concurrent. CR Docket No. 473. Judgment was entered January 8, 2014.[4] *Id.*

---

[3] Hereafter, the style of each of Movant's cases will be referred to only by the docket entry numbers unless otherwise stated by the Court.

[4] Movant also received a sentence of 10 years imprisonment for the count of felony possession of a firearm; judgment was entered January 6, 2014. *See* 13-cr-00171-1, Docket No. 61 at 2.

On December 13, 2013, Movant filed a Notice of Appeal. CR Docket No. 449. On June 11, 2015, the Fifth Circuit Court of Appeals affirmed Movant's judgment. *See United States v. Cardenas*, 606 Fed. App'x 246, 247 (5th Cir. 2015). On October 19, 2015, the Supreme Court denied Movant's petition for a writ of certiorari. *See Cardenas v. United States*, 136 S. Ct. 373 (2015). On December 7, 2015, the Supreme Court denied Movant's petition for rehearing of the denial of certiorari. *See Cardenas v. United States*, 136 S. Ct. 611 (2015).

## II. **PROCEDURAL HISTORY**

Movant filed his § 2255 Motion (Docket No. 1) December 4, 2016. The United States of America (hereafter "Respondent") filed "United States' Response to Cardenas' Motion for Relief under 28 U.S.C. § 2255 and Motion to Dismiss" (Docket No. 14) June 26, 2017. Movant's counsel filed "William Mallory Kent's Motion to Withdraw as Counsel" (Docket No. 21) September 22, 2017; the Magistrate Judge entered an "Order" (Docket No. 22) granting Kent's withdrawal on said date.[5] Subsequently, Jeremy Gordon (hereafter "Movant's counsel of record") entered his "Notice of Appearance" (Docket No. 26) as Movant's retained counsel. Movant filed a Motion for Leave to Amend (Docket No. 39) and a "Reply to the United States' Response to Motion under 28 U.S.C. § 2255 and Response to Motion to Dismiss" (Docket No. 40) February 19, 2018. Respondent filed "United States' Supplemental Response to Cardenas' Motion for Relief under 28 U.S.C. § 2255, Supplemental Motion to Dismiss and Motion to Compel Production of Attorney Affidavits" (Docket No. 41) March 5, 2018. Movant filed "Reply to United States' Supplemental Response to Cardenas' Motion for Relief under 28 U.S.C. § 2255, Supplemental Motion to Dismiss and Motion to Compel Production of Attorney Affidavits" (Docket No. 42) March 9, 2018.

The R&R (Docket No. 52) was entered May 7, 2018; the Court granted Movant's extension to file his responses on or before June 20, 2018 (Docket No. 55). Movant filed

---

[5] Movant was represented by William Mallory Kent (hereafter "Kent") at the time of the § 2255 Motion filing. *See* Docket No. 1. However, on September 22, 2017, Kent filed a motion to withdraw as counsel for Movant as a result of a potential conflict of interest. Based on a misunderstanding as to the filing deadline, Kent stated he was at fault in filing the untimely motion, and that no fault should be attributed to the Movant. *See* Docket No. 21 at 1-4.

3

Movant's R&R Objections (Docket No. 61) June 20, 2018. Movant filed Movant's *pro se* Motions (Docket No. 62) June 27, 2018, and (Docket No. 63) July 10, 2018.[6]

### III. LEGAL STANDARD

A federal prisoner in custody may move to vacate, set aside or correct his sentence when "the sentence was imposed in violation of the Constitution or laws of the United States" or "the court was without jurisdiction to impose such sentence" or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter "AEDPA") provides that motions filed under § 2255 shall be filed within one-year from the latest of four triggering events[7]; the relevant event in this case was "the date on which the judgment of conviction bec[ame] final." § 2255(f)(1). However, the AEDPA limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). The movant "bears the burden of establishing equitable tolling is appropriate." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### III. DISCUSSION

Before discussing Movant's R&R Objections, the Court will address Movant's *pro se* Motions.

#### A. Movant's *pro se* Motions

Movant's *pro se* Motions (Docket Nos. 62 & 63), distinct from the prior *pro se* handwritten letters (Docket Nos. 59 & 60), were filed after Movant's counsel of record filed Movant's R&R Objections. Title 28 of the United States Code, Section 1654, states "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 8 U.S.C. § 1654; *see Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir. 1968) (holding a

---

[6] On May 29, 2018, Movant filed a *pro se* handwritten letter with the Court entitled "Julio Cesar Cardenas, Civil No. 1:16-cv-306 Sub: Complain [sic]" (Docket No. 59) addressing the merits of his § 2255 Motion, and a "Sworn Affidavit" (Docket No. 60) of Movant's Sister, Yovanna Hernandez, attesting her experience with working with Kent. Movant's *pro se* filings (Docket Nos. 59 & 60) were filed after the R&R was entered, but before Movant's counsel of record filed Movant's R&R Objections; Movant was represented by counsel at the time of said pro se filings, and was not entitled to hybrid representation. Accordingly, "Movant's *pro se* filings", Docket Nos. 59 and 60, are **STRICKEN** from the record. *See infra* at 4 (Hybrid Representation).

[7] *See* § 2255(f).

4

habeas petitioner has "a right to represent himself or to be represented by counsel, but he has no right to a 'hybrid representation' partly by himself and partly by counsel"); *accord Battaglia v. Stephens*, No. 3:09-CV-1904-B, 2013 U.S. Dist. LEXIS 146473, 2013 WL 5570216, at *24 (N.D. Tex. Oct. 9, 2013). Previously, the Magistrate Judge struck Movant's January 10, 2018 *pro se* motion for extension of time file a reply brief (Docket No. 34) on the basis that Movant was represented by Movant's counsel of record; in addition, the Magistrate Judge admonished *pro se* Movant that "any and all future filings in this case must be filed by counsel" and any *pro se* filings would not be considered so long as Movant was represented by counsel. *See* "Order," Docket No. 35 at 1-2. Accordingly, Movant's *pro se* Motions are **DENIED** and hereby **STRICKEN** from the record.

### B. Movant's R&R Objections

#### a. Timeliness of Movant's § 2255 Motion

The R&R recommended dismissal of Movant's Motion § 2255 Motion (Docket No. 1) and Motion for Leave to Amend § 2255 Motion (Docket No. 39); the R&R held (1) equitable tolling and/or (2) liberal consideration of previous *pro se* filings, were without merit.

##### 1. Equitable Tolling:

Movant objected to the R&R finding that equitable tolling was not warranted.[8] *See* Docket No. 61 at 3. Movant alleges he was misled by Kent, his previous attorney, as to the incorrect filing deadline, despite Kent having "knowledge of the correct facts."[9] Equitable tolling applies if movant shows the following: "(1) that he has been pursuing his rights diligently,

---

[8] Movant's judgment of conviction became final October 19, 2015, the date the Supreme Court denied certiorari. *See* Wheaten, 826 F.3d at 846 (holding the Supreme Court's denial of a petition for a writ of certiorari finalizes the petitioner's federal conviction, for AEDPA purposes). Under § 2255(f)(1), Movant's deadline to file his § 2255 motion was October 19, 2016; said motion was untimely filed December 4, 2016. *See* Docket No. 1.

[9] In support of Movant's R&R Objection to equitable tolling, Movant cites the following correspondence attached to his sur-reply to Respondents' Response to Movant's § 2255 Motion (Docket No. 40): (1) 09/27/16-Movant's correspondence to Kent requesting Kent again confirm the deadline to file his § 2255 motion; Movant stated he reviewed the docket sheet and believed the § 2255 motion must be filed by October 20, 2016—contrary to Kent's belief that December 2016 was the deadline for filing. Docket 40-1 at 3. (2) 06/30/16-Movant's correspondence to Kent requesting that Kent again confirm the deadline to file his § 2255 motion; Movant stated he did not believe Kent's December deadline was accurate. Docket No. 40-1 at 4. (3) 05/24/16-Movant's correspondence to Kent requesting that Kent confirm the filing deadline; Movant stated "I have until October 2016 to file the 2255 motion." Docket No. 40-1 at 6. (4) 10/27/15- "On the 19th of October the Supreme Court denied my motion for Certiorari. It is my understanding I have a year to file the 2255 motion." Docket No. 40-1 at 6.

and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The movant must be "actively misled by [his counsel] about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

Movant admitted "[he] was aware of the correct limitations date, and [he] relayed this information to [Kent] on numerous occasions." Docket No. 61 at 4. However, Movant failed to exercise due diligence despite being "aware of the correct limitations date," and instead relied on Kent's "incorrect legal advice." *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("[T]he act of retaining counsel does not absolve [habeas] petitioner of his responsibility of overseeing the attorney's conduct" hence, a habeas petitioner must exercise due diligence even when counsel's legal representation is inadequate.). Furthermore, Kent's alleged misinterpretation of the deadline, coupled with Movant's insistence on the correct deadline for a period of 11 months, fail to constitute an "extraordinary circumstance" in satisfaction of equitable tolling. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (holding reliance on "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"). Moreover, Movant's arguments of "lack of legal training, ignorance of the law, and unfamiliarity with the legal process" and of "ineffective assistance of counsel" are insufficient basis for equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Contrary to the advice of his own counsel and orders of the Court, Movant has demonstrated a consistent pattern of conduct via filed *pro se* documents with the Court—prior to, and concurrent with the current § 2255 Motion. Thus, the Court is not persuaded by Movant's claim that Kent actively prevented Movant from timely filing his § 2255 Motion. Therefore, the Court finds equitable tolling is not applicable as to the Movant.

2.  Liberal Consideration of prior *Pro se* Filings:

Movant further objected to the R&R finding that Movant's *pro se* motions and letters filed prior to the October 19, 2016 deadline, not be liberally construed as an effective § 2255 motion. Movant argued his *pro se* filings, which consisted of an October 13, 2015 letter (CR Docket No. 616) and January 15, 2016 letter (CR Docket No. 644)—addressing the constitutional claim against AUSA Jody Young similarly set forth in Movant's § 2255 Motion—should be liberally construed as a timely filed § 2255 motion. *See* Docket No. 61 at 5-6. The

6

Fifth Circuit recognizes that "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the [movant] has attached to it, that determines [its] true nature and operative effect[.]" *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011). The R&R cited Movant's *pro se* filing of a letter dated December 7, 2015 (CR Docket No. 636), where Movant "ask[s] the [C]ourt not to take this request as a motion, and give [Movant] an opportunity to submit a proper motion" if the Court ruled against appointing counsel. *See* CR Docket No. 636. After considering the record, and the substance of the *pro se* documentation filed before the necessary deadline, the Court finds the relevant *pro se* filings cannot be characterized as a § 2255 motion.

Therefore, Movant's objections as to timeliness are **OVERRULED**; the Court finds Movant's § 2255 Motion is time-barred. Accordingly, the Movant's R&R Objections as to the merits are **OVERRULED as moot**.

### b. Certificate of Appealability

A certificate of appealability from a § 2255 proceeding will not issue unless movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to the R&R's findings and conclusions, the Court finds a certificate of appealability shall not issue.

### IV. CONCLUSION

For the foregoing reasons, Movant's *pro se* Motions (Docket Nos. 62 and 63) are **DENIED** and **STRICKEN** from the record. After a *de novo* review of the file, the Magistrate Judge's Report and Recommendation is **ADOPTED** with the following modification: Movant's § 2255 Motion (Docket No. 1) is **DISMISSED with prejudice**; and Movant's Motion for Leave to Amend § 2255 Motion (Docket No. 39) is **DENIED as moot**. A certificate of appealability shall not issue. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 17th day of August, 2018.

Rolando Olvera
United States District Judge